# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# BILLINGS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff, vs. JOSHUA A. STOPS, Defendant | CR 19-120-BLG-SPW  ORDER RE DEFENDANT'S MOTION CONTESTING COMPETENCY UNDER FED. R. EVID. 601 |

Before the Court is Defendant Joshua Stops' motion contesting witness competency under Fed. R. Evid. 601, filed July 6, 2020. (Doc. 61) The Government intends to have Stops' five-year-old daughter, Jane Doe, testify at trial about what she witnessed the night of the alleged assault. Stops argues that the child witness is not competent to provide that testimony under Fed. R. Evid. 601 due to her age and the possible influence of her mother's, the alleged victim, recitation of the night's events to law enforcement. Stops requests a hearing to establish the child witness' competency. The Government responds that Stops is conflating competency with reliability and, while the child's responses during her forensic interview were sparse in detail, the answers demonstrated that Jane Doe can understand simple questions and distinguish truth from lies. For the following reasons, Stops' motion and request for a hearing are DENIED.

1

## I.   FACTUAL BACKGROUND

On September 9, 2018, law enforcement responded to the home of Joshua Stops after his then-wife called 911 to report an assault. Stops had left the scene before law enforcement arrived, but the child stayed with the mother through the night. The mother informed law enforcement that Stops had physically assaulted her earlier that evening by hitting and strangling her. The child heard the mother repeat her version of what transpired multiple times and interjected at one point, stating "choked you," when the mother was discussing the events to an officer. Stops arrived back at the house a short time after departing to find law enforcement on the scene. Officers promptly placed Stops in a patrol car and arrested him.

Three days later, on September 12, 2018, a forensic interviewer questioned Jane Doe about what she witnessed the night of September 9. Jane Doe told the interviewer, through short statements and gestures, that she saw her father put his hand on her mother's face and hit her arm multiple times in Jane Doe's bedroom and the living room. Throughout the conversation, the interviewer also conducted several exercises with Jane Doe to test her recollection and ability to distinguish truth from lies. These exercises included asking Jane Doe about what she did the morning before the interview, who dressed her for the day, and showing her flashcards correctly and falsely identifying an animal or item and asking Jane Doe

2

which card was telling the truth. Jane Doe did not appear to have any trouble recalling the events of her morning and correctly distinguished between the truthful cards and the false cards.

## II.  DISCUSSION

Fed. R. Evid. 601 provides, "[e]very person is competent to be a witness unless these rules provide otherwise." This presumption extends to child witnesses. 18 U.S.C. § 3509(c)(2); *United States v. Devereaux*, 609 Fed. Appx. 491, 492 (9th Cir. 2015). A party wishing to challenge this presumption must submit a written motion and offer proof of a compelling reason the child witness is incompetent. 18 U.S.C. § 3509(c)(3)-(4). Age alone is not a compelling reason. 18 U.S.C. § 3509(c)(4).

To support his motion, Stops submitted a report from a developmental psychologist specializing in child forensic memory and suggestibility. (Doc. 63) The report identifies three issues with Jane Doe's forensic interview and witness competency. First, the report identifies Jane Doe's exposure to the mother's formal report provided to law enforcement. This exposure creates concern, according to the psychologist, that Jane Doe's own memories of the events will be affected or possibly changed to mirror those of the mother's recollection. Second, Jane Doe's forensic interview contains very few substantive answers. Although the child

3

answered every question, the answers were often two or three words in length or simply gestures. The report states the lack of detailed responses creates doubt about the child's ability to adequately recall or express her memories. The third concern is similar to the first—by witnessing the mother provide multiple statements, Jane Doe might mix those statements with her own memories of the events and fail to properly distinguish the difference. While these concerns may speak to the reliability of Jane Doe's testimony, they fail to address her competency to provide that testimony.

As Congress and the Ninth Circuit have determined, "when a court examines the competence of a minor to testify, it may assess only 'the child's ability to understand and answer simple questions.'" *United States v. IMM*, 747 F.3d 754, 769 (9th Cir. 2014), *citing* 18 U.S.C. § 3509(c)(8). A child witness is competent if they can understand and answer simple questions, understand the difference between veracity and falsity, and appreciate the importance of telling the truth. *Id.*, 747 F.3d at 770; *Pocatello v. United States*, 394 F.2d 115, 117 (9th Cir. 1968). Whether the child witness satisfies those requirements is within the trial court's discretion. *IMM*, 747 F.3d at 770.

The Government points to the various exercises conducted by the forensic interviewer as proof that Jane Doe is competent to answer simple questions and

4

understands the difference between truth and lies. As noted above, the interviewer tested Jane Doe's ability to distinguish falsehoods by showing her flashcards depicting a pizza and other cards with an individual stating the pizza was pizza and an individual stating the pizza was ice cream. The interviewer asked Jane Doe which individual was telling the truth. She successfully identified the one stating the pizza was pizza. The interviewer repeated the exercise twice more with flashcards showing a bear and an apple. Jane Doe successfully identified the lie all three times.

The interviewer also discussed the importance of telling the truth with Jane Doe and the need to correct people when they are incorrect. Jane Doe practiced this by successfully correcting the interviewer when he intentionally mispronounced her name and asked her to clarify several of her answers. The child's answers were usually short and sparse on details, but they nonetheless demonstrated her ability to answer questions and distinguish true and false statements. Concerns about the mother's influence on the child witness's reliability aside, the Court sees no concerns with the child's competency to provide testimony. *See IMM*, 747 F.3d at 770 ("Although the child's testimony suggested many reasons to seriously doubt his understanding or recollection of the events in question, notably including his statements that he did not recall what had happened and that he had been told what

5

to say at trial by his mother, the district judge correctly concluded that those considerations affected the weight his testimony merited rather than his competence under Rule 601 and 603 to offer that testimony at all.")

**IT IS HEREBY ORDERED** that the Defendant's motion contesting the competency of the child witness under Fed. R. Evid. 601 and request for a hearing are **DENIED**.

The Clerk of Court is directed to notify counsel of the making of this Order.

DATED this 28th day of July, 2020.

                                        _/s/ Susan P. Watters_
                                        SUSAN P. WATTERS
                                        United States District Court Judge