

FILED
AUG 13 2020
Clerk, U S District Court
District Of Montana
Billings

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| UNITED STATES OF AMERICA, | CR 19-120-BLG-SPW |
|---|---|
| Plaintiff, | |
| vs. | ORDER RE PLAINTIFF'S MOTION TO PRECLUDE EXPERT TESTIMONY |
| JOSHUA A. STOPS, | |
| Defendant | |

Before the Court is Plaintiff United States of America's Motion to Preclude Expert Testimony from trial (Doc. 79), filed August 3, 2020. For the following reasons, the motion is DENIED.

## I.   RELEVANT FACTUAL BACKGROUND

On September 9, 2018, law enforcement responded to the home of Joshua Stops after his then-wife called 911 to report an assault. The woman told police that Stops had hit her and strangled her earlier that evening. The couple's daughter witnessed the events and stayed by her mother's side while the mother provided her story to multiple law enforcement personnel. The daughter was interviewed about what she witnessed on September 12, 2018.

1

The Government plans to call the daughter to the stand to testify about what she saw and heard on the night of the alleged assault. In anticipation of the child's testimony, Stops retained Dr. Kamala London, a developmental psychologist, to review the case and the child's forensic material. Stops intends to call Dr. London as an expert witness to testify about a child's ability to recall facts and retain information. The Government filed the present motion to preclude that expert testimony.

## II. DISCUSSION

Federal Rule of Evidence 702(a) allows a witness—qualified as an expert through knowledge, experience, or training—to testify about their opinion on a matter of consequence to the trial if the testimony will assist the trier of fact to determine a fact in issue or understand the evidence.

The Government argues that Stops cannot use the expert testimony of Dr. London to introduce otherwise inadmissible, hearsay evidence, mainly the forensic interview of the daughter, at trial. Further, the Government urges this Court to preclude the expert testimony because it would invade the province of the jury in determining the credibility of the daughter. However, the Government concedes that an expert witness "providing helpful, general background material . . . is permissible." (Doc. 80 at 10).

2

The Ninth Circuit has reviewed the ability of an expert witness to testify on the subject of child witnesses numerous times. *See United States v. Binder*, 769 F.2d 595 (9th Cir. 1985); *United States v. Hadley*, 918 F.2d 848 (9th Cir. 1990); *United States v. Antone*, 981 F.2d 1059 (9th Cir. 1992); *United States v. Bighead*, 128 F.3d 1329 (9th Cir. 1997). The Circuit has held that an expert witness may testify to the general characteristics of a child witness based upon the expert's professional experience or specialized knowledge. *Hadley*, 918 F.2d at 853. However, testimony about the specific characteristics of the child witness in question impermissibly invades the role of the jury by commenting on the witness's credibility. *Binder*, 769 F.2d at 602.

Stops explains that Dr. London will not testify about the specific characteristics of the daughter in this case. Instead, Stops intends for Dr. London to testify about the "general characteristics of children and their ability to recall information." (Doc. 82 at 5). As such, Dr. London's testimony is admissible so long as it is limited to discussions of those general characteristics. Should Dr. London stick to this limited testimony, there will be no need for her to testify about the specific materials she reviewed for this case and no need to fear the introduction of otherwise inadmissible evidence.

3

Lastly, the Government raises concerns about Dr. London's reliability as an expert witness and the foundation for her testimony. Whether or not these concerns are valid is something best left for the rigors of cross examination at trial. Again, so long as Dr. London restricts her testimony to her general knowledge of children's ability to recall and does not employ special techniques or models as a foundation for that knowledge, the testimony is admissible. *Hadley*, 918 F.2d at 853 ("Because Dr. Rosenzweig merely testified to general behavioral characteristics based upon his professional experience, and did not employ any special techniques or models, the district court correctly concluded that the *Frye* test was not applicable.")

**IT IS HEREBY ORDERED** that the Plaintiff's motion to preclude expert testimony is **DENIED**.

The Clerk of Court is directed to notify counsel of the making of this Order.

DATED this 13th day of August, 2020.

*Susan P. Watters*
SUSAN P. WATTERS
United States District Court Judge